# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MONIQUE BORK,

        *Petitioner*,

vs.

JO GENTRY, *et al.*,

        *Respondents*.

Case No. 2:16-cv-01235-APG-VCF

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (ECF No. 27) to dismiss. In the motion to dismiss, as subsequently limited in the reply,[1] respondents seek dismissal on the basis that Grounds 1.3 and 2.2 are unexhausted.

### *Background*

Petitioner Monique Bork challenges her 2014 Nevada state conviction, pursuant to a guilty plea, of child abuse and neglect with substantial bodily harm. She is serving a sentence of 240 months with eligibility for consideration for parole after a minimum 96 months. (ECF No. 20-3; Exhibit 26.) Petitioner challenged her conviction on both direct appeal and in a timely state post-conviction petition. She was not appointed counsel during the state post-conviction proceedings.

### *Discussion*

#### *Exhaustion*

##### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must

---

[1] See text, *infra*, at 5-6.

refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Under *Rose v. Lundy*, 455 U.S. 509 (1982), and following cases, a mixed petition presenting unexhausted claims must be dismissed unless the petitioner dismisses the unexhausted claims and/or seeks other appropriate relief, such as a stay to return to the state courts to exhaust the claims.

***Ground 1.3***

Ground 1 presents a claim that petitioner was denied due process in violation of the Fifth and Fourteenth Amendments because her plea was not voluntary, knowing, and intelligent. (ECF No. 17, at 30-26.)[2]

In Ground 1.1, petitioner alleges that she was coerced into entering the plea by the prosecutors and her counsel with threats that she would be convicted of murder and face a potential life sentence.

In Ground 1.2, petitioner alleges that she did not understand the elements of the offense to which she pled.

In Ground 1.3, the challenged subpart, Bork alleges that ineffective assistance of her counsel combined with prosecutorial misconduct combined to make her plea unconstitutional. She alleges in particular that the prosecutors knew or should have known that they could not obtain a conviction in light of her proffer statement. She alleges that prosecutors leveraged her fear of a life sentence in order to obtain a conviction by a plea that the State could not have obtained in a trial. With regard to her own counsel, she alleges that counsel failed to realize that her proffer, preliminary hearing testimony (against another defendant), and trial testimony did not establish the crime to which she entered a plea.

---

[2]All page citations are to the page number in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document.

Petitioner conceded in the first amended petition that Ground 1.3 is unexhausted. (ECF No. 17, at 36, line 11.) In response to the motion to dismiss, petitioner contends that Ground 1.3 is technically exhausted by procedural default because the claims now would be procedurally barred in the state courts and "she cannot overcome the default in state court." (ECF No. 37, at 2, lines 9-16.) She further maintains, however, that she nonetheless can overcome the procedural default of the claims in federal court under *Martinez v. Ryan*, 566 U.S. 1 (2012), which the Nevada state courts do not follow, because she did not have counsel in the post-conviction proceedings in the state district court. (*Id.*, at 3-7.)[3] Respondents, in turn, contend that *Martinez* does not apply to Ground 1.3 because it is not a claim of ineffective assistance of counsel but instead constitutes a challenge to the voluntariness of petitioner's plea. (ECF No. 42, at 1-2.)

The Court is persuaded that Ground 1.3 is subject to the rule in *Martinez* to the extent, and only to the extent, that Ground 1.3 claims that petitioner's plea was not voluntary, knowing, and intelligent due to alleged ineffective assistance of counsel. The Court does not see a valid reason to treat a claim challenging the voluntariness of a plea due to alleged ineffective assistance of trial counsel any differently for purposes of applying the rule in *Martinez* than any other claim grounded in ineffective assistance of trial counsel. *Cf. Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)(if a defendant pleads guilty on the advice of counsel, she can attack the voluntary and intelligent character of the plea by showing that the advice that she received from counsel was not within the range of competence demanded of attorneys in criminal cases).

The Court is not persuaded, however, that Ground 1.3 is subject to the rule in *Martinez* to the further extent that Ground 1.3 claims that petitioner's plea was not voluntary, knowing, and intelligent due to alleged prosecutorial misconduct. *Martinez* quite clearly applies only to claims of ineffective assistance of trial counsel. *See Davila v. Davis*, 137 S.Ct. 2058 (2017). Petitioner cannot overcome

---

[3]*See generally Myers v. Filson*, 2017 WL 5559954, at *2-*4, No. 3:14-cv-00082-MMD-VPC, ECF No. 57, at 4-8 (D. Nev., Nov. 17, 2017)(discussing the relationship of exhaustion, procedural default, and *Martinez* in federal habeas cases arising out of Nevada).

As discussed *infra*, petitioner concedes that she cannot overcome the procedural default of a corresponding stand-alone claim of prosecutorial misconduct in Ground 2.2 under *Martinez*.

this limitation upon the reach of *Martinez* by coupling, combining or bundling a substantive claim of prosecutorial misconduct with an even factually related claim of ineffective assistance of trial counsel. The ineffective assistance claim is subject to *Martinez*; the prosecutorial misconduct claim is not.

Ground 1.3 accordingly is technically exhausted by procedural default, given petitioner's concession that she cannot overcome the applicable procedural bars in the state courts.[4] Petitioner cannot overcome this procedural default under *Martinez* to the extent that Ground 1.3 claims that petitioner's plea was not voluntary, knowing and intelligent due to prosecutorial misconduct. Ground 1.3 therefore will be dismissed with prejudice as procedurally defaulted to this extent. Petitioner, however, potentially can overcome the procedural default of Ground 1.3 under *Martinez* to the extent that petitioner claims therein that her plea was not voluntary, knowing and intelligent due to alleged ineffective assistance of counsel. The Court defers a resolution of the cause-and-prejudice analysis as to this claim until after the filing of an answer and reply contingently addressing the claim also on the merits.[5]

***Ground 2.2***

Ground 2.2 alleges a stand-alone claim of prosecutorial misconduct based upon, *inter alia*, substantially the same factual allegations as the prosecutorial misconduct claim embedded within Ground 1.3. (ECF No. 17, at 38-40.) Petitioner conceded in the first amended petition that Ground 2.2

---

[4]Respondents request that the Court follow prior cases within the District and require that petitioner enter into unequivocal stipulations as to procedural default before recognizing the technical exhaustion of Ground 1.3. (See ECF No. 42, at 2-3.) The Court has done so where petitioners have equivocally argued, on the one hand, that claims are technically exhausted by procedural default because of the anticipatory application of state procedural bars but, on the other, that they can overcome the procedural default on grounds that the state courts in truth also recognize and/or on the ground that the bars are not adequate because they are not consistently applied by the state courts. The Court does not read petitioner's briefing in the present case as making such an equivocal argument. Rather, petitioner represents to the Court that she cannot overcome the anticipatory application of Nevada state procedural bars on any basis other than *Martinez*, which the state courts do not recognize. Should petitioner later, *e.g.,* seek to rely on non-*Martinez* cause-and-prejudice arguments and/or seek to maintain that the state bars are inadequate because they are not consistently applied, then, as Judge Du observed in *Myers*, that would "kick" the case back into a procedural posture where the claims are not technically exhausted and petitioner either must dismiss the unexhausted claims or seek other relief such as a stay. *See Myers*, *supra*, ECF No. 57, at 8 n.5. Petitioner's current briefing, however, would appear to be sufficiently unequivocal. A petitioner cannot "have it both ways" in this context, but Bork does not appear to be attempting to do so here.

[5]*See, e.g.*, *Myers, supra*, ECF No. 57, at 8 (discussion of procedure). The Court's ruling as to the applicability of *Martinez* to this type of claim is an interlocutory ruling in an ongoing case; it may be subject to later reconsideration based on intervening precedents in this still-developing area of law.

-4-

is unexhausted. (*Id.*, at 40, line 11.) In response to the motion to dismiss, petitioner further concedes that "*Martinez* does not apply to [Ground 2.2] and Bork is forced to admit that this Court may not consider it." (ECF No. 37, at 3-4, n.1.) She accordingly "drops Claim 2.2." (*Id.*) Respondents request in their reply "that this Court order Bork to issue a declaration formally abandoning the claim." (ECF No. 42, at 1, n.1.)

The briefing establishes that Ground 2.2 is technically exhausted by procedural default and that petitioner cannot overcome the procedural default under *Martinez*. On the arguments presented, the Court will dismiss Ground 2.2 with prejudice as procedurally defaulted and abandoned.

***Other Issues Raised Initially***

In the motion to dismiss, respondents originally contended also that: (1) Grounds 3.1 and 3.2 constitute pre-plea claims that are not cognizable under *Tollett, supra*;[6] and (2) Grounds 4, 5 and 6 are procedurally defaulted.

In the reply, respondents acknowledge that their position as to the application of *Tollett* was undermined by the recent controlling decision in *Mahrt v. Beard*, 849 F.3d 1164 (9th Cir. 2017). Respondents accordingly "do not urge this Court to dismiss claims 3.1 and 3.2 at this time, and raise their disagreement with *Mahrt* only to preserve the issue for future review." (ECF No. 42, at 3.)

Given that respondents seek to preserve the issue, the Court notes that it would not be persuaded

---

[6]In Ground 3, petitioner alleges that she was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because "[h]er entry of a guilty plea . . . was the result of ineffective assistance she received from her appointed attorneys . . ." because, *inter alia*, counsel "misadvised her to accept a plea without first conducting the necessary pre-trial litigation or investigation before they would be in a position to give adequate advice about the state's plea offer." (ECF No. 17, at 36.)

In Ground 3.1, petitioner alleges in particular that counsel failed: (a) to move for dismissal of the charge based upon the statute of limitations rather than advising petitioner to plead guilty to the charge; and (b) to insist upon completion of the preliminary hearing, which already had begun, prior to misadvising Bork to plead guilty. She alleges that had she known that she had a viable statute-of-limitations defense, she would not have entered a plea and instead would have insisted on going to trial (or perhaps otherwise contesting the charge). She further alleges that if the preliminary hearing instead had continued and more serious charges had not been bound over for trial in the district court, she would have insisted on going to trial on any charges that remained (with the State's leverage associated with the more serious charges thereby having been removed). (ECF No. 17, at 41-44.)

In Ground 3.2, petitioner alleges in particular that counsel failed to investigate evidence that directly contradicted the State's theory that Bork failed to obtain medical care to save the infant's life until irreversible brain damage had been done and thereafter lied to medical and law enforcement personnel about the nature and timing of the infant's injury. (ECF No. 17, at 44-46.)

-5-

by respondents' argument even without *Mahrt*. Under *Tollett* and *Hill v. Lockhart*, 474 U.S. 52 (1985), cognizable claims are not limited to claims based exclusively on what counsel said or failed to say in advising a defendant to plead guilty but rather extend also to claims based upon what counsel did or failed to do, prior to the plea, that adversely impacted the advice given and the decision made. *See, e.g., Hill*, 474 U.S. at 59-60. Petitioner's claims in Grounds 3.1 and 3.2 that her plea decision was adversely impacted by counsel's failure to (a) pursue a meritorious statute-of-limitations defense, (b) complete a preliminary hearing that allegedly would have resulted in a dismissal of all of the charges or at least the more serious charges, and (c) investigate exculpatory information all fall squarely within the ambit of claims that are cognizable under *Tollett* and *Hill*, without any amendment of the pleadings being required.

With regard to possible future review, the Court thus holds that Grounds 3.1 and 3.2 are cognizable.

Respondents' withdrawal of their arguments on procedural default as to Grounds 4, 5 and 6 fully moot any issues as to the application of the procedural default doctrine to those claims.

**IT THEREFORE IS ORDERED** that respondents' motion (ECF No. 27) to dismiss is **GRANTED IN PART** and **DENIED IN PART**, such that: (a) Ground 1.3 is **DISMISSED** with prejudice as procedurally defaulted to the extent that petitioner alleges therein that petitioner's plea was not voluntary, knowing, and intelligent due to alleged prosecutorial misconduct; (b) the Court defers consideration of whether petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of the remainder of Ground 1.3 until after the filing of an answer and reply in this action; and (c) Ground 2.2 is **DISMISSED** with prejudice as procedurally defaulted and abandoned.

**IT FURTHER IS ORDERED** that, within **sixty (60) days** of entry of this order, respondents shall file an answer addressing the remaining claims on the merits, with the answer addressing the remaining portion of Ground 1.3 contingently on the merits under a *de novo* standard of review, in connection with a response to petitioner's reliance upon *Martinez* as a basis for overcoming the procedural default of the remaining portion of Ground 1.3.

**IT FURTHER IS ORDERED** that petitioner shall have **sixty (60) days** from service of the

answer within which to file a reply.

Dated: January 8, 2018.

_____
ANDREW P. GORDON
United States District Judge